IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RAYMOND LAFAYETTE HUDSON, | Case No. 6:16-cv-01252-TC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DIVERSIFIED CONSULTANTS, INC. | |
| Defendant. | |

Thomas Coffin, Magistrate Judge:

Defendant, Diversified Consultants, Inc., moves this court, pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(3), for an order dismissing this action on the ground that this venue is improper. Def.'s Mot. to Dismiss 1. In the alternative, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), defendant moves this court to transfer this action to either the U.S. District Court for the Middle District of Florida or to the U.S. District Court for the Southern District of Indiana. *Id.* at 1-2. For the following reasons, defendant's motion, insofar as it seeks the transfer this case to the U.S. District Court for the Middle District of Florida is GRANTED, and its

1 – OPINION AND ORDER

motion, insofar as it seeks the dismissal or transfer of the case to the Southern District of Indiana, is DENIED.[1]

## BACKGROUND

Plaintiff, Raymond Lafayette Hudson, a resident of Indianapolis, Indiana, brings this class action suit on behalf of himself and all others similarly situated against defendant for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681a-1681x. Pl.'s Compl. 1-2. Plaintiff alleges that defendant violated the FCRA by following a practice of impermissibly accessing consumers' credit reports despite receiving notifications that the debts it was trying to collect had been discharged in bankruptcy. Pl.'s Opp'n to Def.'s Mot. to Dismiss 1-2. Plaintiff asserts that he suffered such a violation after defendant allegedly caused a copy of his credit report to be sent to its corporate headquarters in Jacksonville, Florida, for the purpose of "collection," despite receiving multiple notifications at its Florida headquarters from the Bankruptcy Noticing Center, stating that his debts had been discharged after he filed for bankruptcy in the Southern District of Indiana. Pl.'s Compl. ¶¶ 8-15; *Id.* at Exs. A and C.

## STANDARD OF REVIEW

For purposes of determining whether a particular venue is proper, a civil action may be brought in a judicial district in which: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions

---

[1] Because a motion to transfer venue under 28 U.S.C. § 1406(a) or § 1404(a) is not dispositive of all federal proceedings and instead specifically enables a plaintiff to continue the suit in another federal district, this court has authority pursuant to 28 U.S.C. § 636(b)(1)(A) to issue a transfer order, rather than a report and recommendation, even without consent to magistrate jurisdiction from both parties. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (when a motion is "dispositive of all federal proceedings in a case . . . it is properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A), meaning that . . . [such an] order cannot be issued by a magistrate judge" and instead, when presented with such a motion, the magistrate judge "should provide a report and recommendation to the district court that is subject to *de novo* review.").

2 – OPINION AND ORDER

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Under Oregon law, a corporation is a resident of any county where it "conducts regular, sustained business activity," or "where any agent authorized to receive process resides." ORS § 14.080(2). "Plaintiff ha[s] the burden of showing that venue [i]s properly laid." *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

A defendant may move to dismiss a complaint for improper venue pursuant to FRCP 12(b)(3). A defendant may also move to transfer venue to another federal district pursuant to 28 U.S.C. § 1404(a), which states that "for the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of Section 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). "In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (internal quotations omitted). If the proposed district is a viable one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen*, 376 U.S. at 622.

In addition to the convenience considerations in Section 1404(a), the Ninth Circuit has identified the following factors that a court "may consider" when deciding a motion to transfer:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of

3 – OPINION AND ORDER

> forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). A "section 1404(a) transfer is available 'upon a lesser showing of inconvenience' than that required for a forum non conveniens dismissal." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (internal quotations omitted), opinion modified, 828 F.2d 1445 (9th Cir. 1987). Moreover, weighing of the factors for and against transfer involves "subtle considerations" and is best left to the "broad discretion" of the trial judge. *Id.* The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate. *Id.* "[A] plaintiff's choice of forum may receive less weight if the operative facts did not occur within the forum of original selection and that forum has no particular interest in the parties or the subject matter." *Vesta Corp. v. Amdocs Mgmt., Ltd.*, 129 F. Supp. 3d 1012, 1037 (D. Or. 2015) (internal quotations omitted).

## DISCUSSION

Plaintiff argues that Oregon is the proper venue for this case because defendant operates a national debt collection business here, it regularly sells its products and services here, 23 percent of its work force is located here, and it maintains an office and a registered agent here. Pl.'s Compl. ¶¶ 5-7; Pl.'s Opp'n to Def.'s Mot. to Dismiss 2, 15. Plaintiff also argues that although "the bulk of the factual allegations outside [its] complaint have to do with defendant's purported business operations in the state of Florida," this information could be transmitted electronically to class counsel and depositions could be taken by video conferencing or by travel to the witness' locations and, therefore, there is no basis for this court to conclude that the Southern District of Indiana or the Middle District of Florida would "somehow be more convenient." *Id.* at 7, 10-12.

4 – OPINION AND ORDER

Defendant argues that Oregon is not the proper venue because: (1) plaintiff is a resident of the Southern District of Indiana; (2) no events giving rise to this suit occurred in this forum; (3) "plaintiff's Complaint and Opposition both concede that the relevant facts involve plaintiff's most recent bankruptcy proceedings – and the notices derived therefrom – all of which occurred in the Southern District of Indiana"; (4) plaintiff directed all bankruptcy notices to its corporate headquarters in Jacksonville, Florida, which is within the Middle District of Florida, and "the credit pull central to plaintiff's claim was initiated from Jacksonville, Florida"; and (5) there are no relevant documents in Oregon and all relevant witnesses are located in Jacksonville, Florida. Def.'s Reply in Supp. of Mot. to Dismiss 1-3 (citing Pl.'s Compl. Ex. A; Pl.'s Opp'n 3-4, n. 4; Decl. of David Goodwin in Supp. of Mot. to Dismiss (Goodwin Decl.)). Moreover, defendant submitted a declaration from its Chief Compliance Officer, David Goodwin, stating that all key witnesses and evidence relating to its compliance with bankruptcy notices and the FCRA are located at its corporate headquarters in Florida. Goodwin Decl.

Here, it is undisputed that defendant does business and has an agent authorized to receive process in this forum and hence could be said to reside there. ORS § 14.080(2), as 28 U.S.C. § 1391(b). Accordingly, defendant's motion to dismiss for improper venue is DENIED. However, plaintiff's Complaint, and the exhibits attached thereto, reveal that the operative facts giving rise to this dispute occurred in the Southern District of Indiana and in the Middle District of Florida, rather than in this forum. Specifically, plaintiff argues that defendant violated the FCRA by causing a credit report to be sent to its corporate headquarters in Jacksonville, Florida, after the debt defendant was allegedly trying to collect was discharged by the U.S. Bankruptcy Court in the Southern District of Indiana and after defendant had received notice of the discharge at its Florida headquarters.

5 – OPINION AND ORDER

Accordingly, because plaintiff has no contacts with this forum, *Jones*, 211 F.3d at 498–99, a substantial part of the events giving rise to the claim occurred in the Middle District of Florida, rather than here, *Vesta Corp.*, 129 F. Supp. 3d at 1037, and the declaration from David Goodwin, states that all key witnesses and evidence relating to its compliance with bankruptcy notices and the FCRA are located in Florida, this court finds that this case could have been brought originally in Florida. 28 U.S.C. § 1391(b) (2); *Hatch*, 758 F.2d at 414. Moreover, this court finds that the ease of access to sources of proof is greater in Florida than in this forum. *Jones*, 211 F.3d at 498–99. Therefore, pursuant to the applicable factors in *Jones*, this court finds that transferring the case to the Middle District of Florida would prevent the waste of time, energy, and money, and would protect the litigants and witnesses against unnecessary inconvenience and expense. *Id.*; *Van Dusen*, 376 U.S. at 616. As such, defendant's motion to transfer this action to the U.S. District Court for the Middle District of Florida is GRANTED, and its motion to transfer the case to the U.S. District Court for the Southern District of Indiana is DENIED. *Savage*, 611 F.2d at 279.

## CONCLUSION

For the reasons stated above, defendant's motion, insofar as it seeks the transfer this case to the U.S. District Court for the Middle District of Florida is GRANTED, and its motion, insofar as it seeks to have the case dismissed or transferred to the Southern District of Indiana, is DENIED.

It is so ordered.

DATED this 25st day of October 2016.

_____
THOMAS COFFIN
United States Magistrate Judge

6 – OPINION AND ORDER